United States District Court
Southern District of Texas
**ENTERED**
April 29, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSEPH STEPHEN,          §
         §
         Plaintiff,       §
         §
v.                           §      CIVIL ACTION NO. H-23-4442
         §
ENBRIDGE (U.S.) INC.,     §
         §
         Defendant.      §

## MEMORANDUM OPINION AND ORDER

On August 7, 2023, Joseph Stephen ("Plaintiff") brought this action against Enbridge (U.S.) Inc. ("Defendant").[1] Pending before the court are the Motion to Remand (Docket Entry No. 9), Defendant Enbridge (U.S.) Inc.'s Motion to Strike Plaintiff's "Amended Petition and Addition of Party" ("Defendant's Motion to Strike") (Docket Entry No. 12), and Plaintiff's Motion for Leave to Amend Complaint and File Motion to Remand and Add Party ("Plaintiff's Motion to Amend") (Docket Entry No. 14).  For the reasons stated below, the Motion to Remand will be denied, Defendant's Motion to Strike will be granted, and Plaintiff's Motion to Amend will be denied.

---

[1]Small Claims Petition ("Complaint"), Exhibit A.2 to Defendant Enbridge (U.S.) Inc.'s Notice of Removal ("Notice of Removal"), Docket Entry No. 1-3, p. 1.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

## I.  **Background**

On  August  7,  2023,  Plaintiff  brought  this  action  in  the Justice Court of Harris County, Texas.[2]  The Complaint alleges:

> Breach of Contract and labor violations for unpaid wages and other damages.  Enbridge has continued to ignore my request for my last paychecks due within six calendar days  of  discharge.   Additionally,  Enbridge  has  not responded  to  any  of  my  requests  during  and  after employment if they are required to pay overtime and other benefits.   Enbridge  employees  and  representatives  have and  continue  [to]  fabricate  documents  and  events  to tarnish my reputation to justify their actions and avoid fault.[3]

Plaintiff seeks "all missing paycheck stubs and documents being withheld to calculate final paychecks, missing wages, and damages. The maximum allowable amount of $20,000.00 for unpaid wages, unpaid overtime,  value  of  benefits,  liquidated  and  any  other  applicable damages,  interest,  attorneys'  fees,  and  court  costs."[4]   On November 26, 2023, Defendant filed its Original Answer of Defendant Enbridge (U.S.) Inc. ("Defendant's Answer").[5]

On  November  26,  2023,  Defendant  removed  the  action  to  this court on the basis of federal question jurisdiction.[6]  On January 12, 2024, the court entered a Docket Control Order, setting the deadline for motions to amend the pleadings and motions to add new parties as

---

[2]Id.

[3]Id.

[4]Id.

[5]Defendant's Answer, Exhibit A.4 to Notice of Removal, Docket Entry No. 1-5, p. 4.

[6]Notice of Removal, Docket Entry No. 1.

March 15, 2024.[7]  On March 15, 2024, Plaintiff filed his Motion To Remand and Amended Petition and Addition of Party ("Amended Complaint").[8]  Defendant responded to the Motion to Remand and filed its Motion to Strike.[9]  On April 25, 2024, Plaintiff responded to Defendant's Motion to Strike and filed Plaintiff's Motion to Amend.[10]

In the Motion to Remand Plaintiff argues that the court does not have federal question jurisdiction because his claims arise under state law — specifically, the Texas Payday Law and Texas contract law — and because these claims do not implicate substantial federal questions.[11]  Defendant responds that Plaintiff's claims arise under federal law, specifically the Fair Labor Standards Act.[12]

In its Motion to Strike, Defendant argues that the period for amendment as a matter of course has passed and that Plaintiff did not obtain consent or leave to amend the Complaint.[13]

---

[7]Docket Control Order, Docket Entry No. 5, p. 1 ¶¶ 1, 2.

[8]Motion to Remand, Docket Entry No. 9; Amended Complaint, Docket Entry No. 10.

[9]Defendant Enbridge (U.S.) Inc.'s Response to Plaintiff's Motion to Remand ("Defendant's Response"), Docket Entry No. 11; Defendant's Motion to Strike, Docket Entry No. 12.

[10]Plaintiff's Response to Defendant's Motion to Strike Plaintiff's "Amended Petition and Addition of Party," Docket Entry No. 13; Plaintiff's Motion to Amend, Docket Entry No. 14.

[11]Motion to Remand, Docket Entry No. 9, pp. 1-2.

[12]Defendant's Response, Docket Entry No. 11, pp. 2-3 ¶¶ 6-7.

[13]Defendant's Motion to Strike, Docket Entry No. 12, pp. 1-2 ¶¶ 1-3.

## II.  <u>Federal Question Jurisdiction</u>

Under 28 U.S.C. § 1441(a)[14] a defendant may remove a state court civil action to federal district court if it has original jurisdiction.  <u>See Gasch v. Hartford Accident & Indemnity Co.</u>, 491 F.3d 278, 281 (5th Cir. 2007).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c). Federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This grant of "federal question" jurisdiction includes cases where "federal law creates the [plaintiff's] cause of action."  <u>Singh v. Duane Morris LLP</u>, 538 F.3d 334, 337 (5th Cir. 2008).  A state law claim provides federal question jurisdiction if "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."  <u>Id.</u> at 338.

## III.  <u>Analysis</u>

The Complaint does not specify whether Defendant's alleged "labor violations" are of state law, federal law, or both.

---

[14]Title 28 U.S.C. § 1441(a) provides:  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Although Plaintiff represents in his Motion to Remand that his claims are based on state law, the court evaluates federal question "on the face of the plaintiff's well-pleaded complaint." <u>Elam v. Kansas City Southern Railway Co.</u>, 635 F.3d 796, 803 (5th Cir. 2011).   On the face of the Complaint, Plaintiff invokes "labor violations" generally without excluding federal labor laws.   As Defendant notes, the Fair Labor Standards Act provides a cause of action for unpaid overtime.   <u>See</u> 29 U.S.C. §§ 207(a), 216(b). Because at least one of Plaintiff's claims arises under federal law, the court has federal question jurisdiction.[15]

## IV.   <u>Amendment</u>

Rule 15(a)(1) allows amendment of a pleading once as a matter of course within:

> (A) 21 days after serving it, or

> (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).   Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).   The Amended Complaint was filed more than 21 days after Plaintiff filed the Complaint and more than 21 days after Defendant filed its Answer.   Plaintiff must therefore obtain Defendant's consent or the court's leave to file the Amended Complaint.

---

[15]The court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

The court is not persuaded that Plaintiff should be granted leave to amend. Although Plaintiff filed the Amended Complaint on the deadline for motions to amend the pleadings and to add new parties, Plaintiff filed the Motion to Amend over a month later. And although the Amended Complaint adds more factual allegations regarding the history of the parties' dispute, it appears to only allege one claim — breach of contract — but does not allege that Plaintiff had a contract with Defendant. Plaintiff's proposed contract claim against Abrams Technical Services, Inc. ("Abrams") would be futile because he offers minimal detail regarding his contract with Abrams and because the claim would be barred by the statute of limitations. Plaintiff's employment with Abrams ended on August 5, 2019.[16] The Amended Complaint alleges that Abrams breached the contract by not delivering "paychecks that were due by the next regularly scheduled payday."[17] Therefore Abrams' alleged breach occurred in August of 2019. The statute of limitations on Plaintiff's proposed contract claim against Abrams would have expired four years later in August of 2023. See Tex. Civ. Prac. & Rem. Code § 16.051. Plaintiff argues that the statute of limitations should be tolled because Defendant withheld relevant documents until September of 2020.[18] Plaintiff does not explain what these documents were or how they were necessary for him to

---

[16]Declaration of Kevin Tolentino, Exhibit A to Defendant's Motion to Strike, Docket Entry No. 12-1, p. 1 ¶ 4.

[17]Amended Complaint, Docket Entry No. 10, p. 2 ¶ IV.

[18]Plaintiff's Motion to Amend, Docket Entry No. 14, p. 2 ¶ 7.

discover Abrams' breach.   Therefore, Defendant's Motion to Strike will be granted, and Plaintiff's Motion to Amend will be denied.

### V.   Conclusion and Order

Because the Complaint alleges a claim that arises under federal law, the court has federal question jurisdiction.   The Motion to Remand (Docket Entry No. 9) is therefore **DENIED**.   Because Plaintiff did not timely seek the court's leave to file the Amended Complaint and because the proposed claim against Abrams would be futile, Defendant Enbridge (U.S.) Inc.'s Motion to Strike Plaintiff's "Amended Petition and Addition of Party" (Docket Entry No. 12) is **GRANTED**, and Plaintiff's Motion for Leave to Amend Complaint and File Motion to Remand and Add Party (Docket Entry No. 14) is **DENIED**.

This case is appropriate for a settlement conference.   If the parties cannot settle the case within fifteen days of this Memorandum Opinion and Order, they will so advise the court; and the court will refer the case to a magistrate judge for a settlement conference.

**SIGNED** at Houston, Texas, on this 29th day of April, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE